**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGEL ASENCIO, FOR HIMSELF AND**
**ON BEHALF OF A CLASS OF ALL**
**OTHERS SIMILARLY SITUATED,**
                **Plaintiffs,**

**-vs-**                                          **Case No.  6:12-cv-1104-Orl-28TBS**

**WELLS FARGO BANK, N.A.,**
                **Defendant.**

_____

## ORDER

Plaintiff, Angel Asencio ("Plaintiff"), brings this putative class action against Wells Fargo Bank, N.A. ("Defendant").  The case is currently before the Court on Defendant's Motion to Dismiss (Doc. 12) and Plaintiff's Opposition (Doc. 14) thereto.  As set forth below, the Complaint fails to state a claim for which relief can be granted, and Defendant's motion thus has merit.

### I.  Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S.

at 570).

## II. Background

Plaintiff alleges in the Complaint that he is employed in Osceola County, Florida, and that he receives payment of his wages or salary by checks issued by his employer that are drawn on the employer's account with Defendant. (Compl., Doc. 1, ¶¶ 8-10). Plaintiff at one point had an account with Defendant, but the account was closed because Plaintiff lacked the resources to pay Defendant's required account maintenance charges. (Id. ¶¶ 11-12). On July 13, 2012—after Plaintiff's account with Defendant had been closed—Plaintiff presented a paycheck to Defendant and demanded payment in cash without discount. (Id. ¶¶ 13-14). However, "Defendant discounted $7.50 from the check as a condition for cashing the check." (Id. ¶ 14).

Plaintiff brings one count in his Complaint—a state law claim of unjust enrichment. Plaintiff alleges that he conferred a benefit on Defendant in the form of the $7.50 that Defendant charged for cashing his paycheck and that Defendant was unjustly enriched by the $7.50 at Plaintiff's expense. (Id. at 11).

## III. Discussion

Throughout the Complaint, Plaintiff maintains that the $7.50 charge was in violation of section 532.01, Florida Statutes, which provides:

> Any order, check, draft, note, memorandum, payroll debit card, or other acknowledgment of indebtedness issued in payment of wages or salary due or to become due must be negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument or in the payroll debit card issuing materials, and at the time of its issuance, and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer must

> have sufficient funds or credit, arrangement, or understanding with the drawee for its payment.

§ 532.01, Fla. Stat. (2010). Plaintiff alleges that because of this statute, Defendant is not permitted to deduct $7.50 from his paycheck when cashing it.

In their filings, the parties focus largely on the issue of federal preemption of this statute, but the Court finds it unnecessary to address the preemption question. Regardless of whether this statute is preempted, Plaintiff's claim is for unjust enrichment—not for violation of this statute; Plaintiff tries to buttress his unjust enrichment allegations by citing this statute, but that attempt fails. Plaintiff has not stated a claim for unjust enrichment, and for that reason Plaintiff's Complaint is due to be dismissed.

In Baptista v. JPMorgan Chase Bank, N.A., 640 F.3d 1194 (11th Cir. 2011), the Eleventh Circuit Court of Appeals noted that "'[t]o state a claim for unjust enrichment, a plaintiff must plead the following elements:  1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.'" Id. at 1198 n.3 (quoting Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla.4th DCA 2006)). However, "'[w]hen a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.'" Id. (quoting Am. Safety Ins. Serv., Inc. v. Griggs, 959 So. 2d 322, 331-32 (Fla. 5th DCA 2007)).

Here, as in Baptista, Plaintiff requested that Defendant cash his check, and in return Defendant charged a $7.50 fee. The fee was charged because Defendant conferred a

-3-

benefit on Plaintiff—payment of the check—and "[b]ecause [Plaintiff] cannot show that [Defendant] failed to give consideration for [his $7.50], [his] claim for unjust enrichment fails as a matter of law." Id. Consequently, Defendant's motion to dismiss is well-taken and must be granted.[1]

### IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 12) filed by Defendant is **GRANTED**.

2. This case is **DISMISSED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 21st day of November, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] In light of the ruling in the text, it is not necessary for the Court to reach the other issues raised by the parties, including whether the cited Florida statute applies to Defendant and whether it is preempted by federal banking laws that allow banks to charge fees for cashing checks. However, the Court notes that it has been held that an analogous California law imposes requirements on employers—not the banks on which the employer's checks are drawn—see Fleming v. Dollar Tree Stores, Inc., No.C06-03409 MJJ, 2006 WL 2975581, at *2 (N.D. Cal. Sept. 15, 2006) (addressing Cal. Labor Code § 212)—a conclusion supported by the fact that these statutory provisions appear in chapters pertaining to labor. See ch. 532, Fla. Stat. (titled "Devices Issued in Payment for Labor"). Moreover, state statutes prohibiting banks from charging fees have been found preempted by federal law. See Wells Fargo Bank of Texas NA v. James, 321 F.3d 488 (5th Cir. 2003) (finding that Texas "par value statute" was preempted by federal banking regulation that allows banks to charge fees for services); Baptista (affirming district court's ruling that section 655.85, Florida Statutes, was preempted by federal banking law); Britt v. Bank of Am., N.A., 52 So. 3d 809, 810-11 (Fla. 5th DCA 2011) (agreeing with Baptista).